```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
```

MARK FULLER,

                Plaintiff,

v.

TRIANGLE CAPITAL PARTNERS,

                Defendant.

OPINION and ORDER

18-cv-197-jdp

Plaintiff Mark Fuller filed this case in small claims court in Sauk County, Wisconsin, alleging that defendant Triangle Capital Partners "committed securities fraud and made false statements" about the value of stock he had purchased. Dkt. 1-1, at 3. Triangle removed the case to this court on the ground that Fuller's claims arise under the Securities Exchange Act, 15 U.S.C. § 78aa. It then filed separate motions to both dismiss and transfer the case. Dkt. 5 and Dkt. 8. For his part, Fuller filed a motion to remand the case to state court for lack of jurisdiction. Dkt. 17.

Jurisdiction is the first question in every case in federal court, *Leguizamo Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007), so the court will address Fuller's motion to remand first. And because Fuller has disclaimed any federal claims and Triangle does not identify any other basis for exercising jurisdiction, the court will grant the motion to remand.

ANALYSIS

As a basis for jurisdiction, Triangle relies solely on 28 U.S.C. § 1331, which allows a federal court to exercise jurisdiction over a case that arises under federal law. But Fuller denies that he is raising any federal claims. Rather, he says that his complaint is limited to state

common law theories: misrepresentation, fraud, and breach of contract. Triangle says that Fuller is wrong and that he "actually seeks to bring claims pursuant to the Exchange Act," 15 U.S.C. § 78u.

The complaint itself is silent as to the particular legal theory or theories that Fuller is asserting. But Triangle says that Fuller's small claims complaint is simply "parroting" the allegations of a proposed class action pending in the Eastern District of North Carolina, *In re Triangle Capital Securities Litigation*, No. 18-cv-10-FL. Triangle believes that Fuller received notice of the proposed class action and decided to file his own lawsuit based on the allegations in the notice. As a result, Triangle says that "the well-pleaded complaint rule" requires a conclusion that "Plaintiff is attempting to assert the very same Exchange Act claims as those that have been asserted in the federal Putative Class Action." Dkt. 24, at 5.

Not surprisingly, Triangle does not cite any authority in support of its interpretation of the "well-pleaded complaint rule." Under that rule, "if federal law creates the claim on which the plaintiff is suing, the fact that he has omitted from his complaint any reference to federal law will not defeat removal." *Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006). But "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

That is what Fuller has done in this case. Although his complaint may have been ambiguous, he has disclaimed any reliance on federal law. As the master of his complaint, he is entitled to define the scope of his claims as he wishes. Neither Triangle nor the court can force Fuller to bring a claim he does not want to bring.

Triangle does not contend that the Exchange Act preempts similar state law claims. The Securities Litigation Uniform Standards Act of 1998 authorizes the removal of certain *class*

2

*actions* filed under state law in state court, 15 U.S.C. § 78bb(f), but Fuller is not purporting to represent a class.

The bottom line is that Fuller is not asserting any federal claims, so the court cannot exercise jurisdiction under § 1331. Because Triangle does not identify any other basis for exercising jurisdiction, the court will remand the case to state court. If Fuller attempts to assert a federal claim at a later stage of the case, Triangle may remove the case and request an appropriate sanction at that time.

Fuller includes a request for attorney fees under 28 U.S.C. § 1447(c) at the end of his brief, but he does not develop an argument in support of the request. In any event, because Fuller's state court complaint was ambiguous as to whether he was relying on federal law, an award of fees would not be appropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

ORDER

IT IS ORDERED that plaintiff Mark Fuller's motion to remand, Dkt. 17, is GRANTED. This case is REMANDED to the Circuit Court for Sauk County, Wisconsin.

Entered October 18, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge